SNYDER & BERMAN, INC., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 99409, 99952. Promulgated May 21, 1940.

*Frank G. Davidson, Jr., Esq.*, and *O. H. Tufts, C. P. A.*, for the petitioner.
*E. L. Corbin, Esq.*, for the respondent.

## OPINION.

ARNOLD: Petitioner contends that the foregoing facts entitled it to deduct $2,400 in each of the taxable years as an ordinary and necessary business expense under section 23 (a) of the Revenue Acts of 1934 and 1936.[1]  It is urged that these payments are in the nature of a pension to a valued employee who had been paid a small salary in

---

[1] SEC. 23.  DEDUCTIONS FROM GROSS INCOME.
In computing net income there shall be allowed as deductions :
(a) EXPENSES.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered ;  *  *  *

prior years and who was expected to return to the corporation upon his recovery. Stress is laid upon the provisions of section 23 (q), Revenue Act of 1934, and section 23 (p), Revenue Act of 1936, which relate to pension trusts and permit deductions by an employer of payments thereto under circumstances not here material. Petitioner likewise cites the provisions of Regulations 86 and 94 relating to pensions.

In our opinion the present facts fail to support the pension theory advocated by petitioner. It does not appear that any employee of the company had been paid a pension at any time during its long existence as a business organization, nor does it appear that a pension trust had been set up for the benefit of petitioner's employees. In fact it wasn't until after the last taxable year before us that Gus Berman was voted a pension as such. Prior thereto his account was credited with a salary as an officer of the company, and it wasn't until the resolution adopted in July 1938 that petitioner's disbursements were referred to as a pension. Certainly, there is no indication here that Gus Berman was employed with the understanding that he would be paid regardless of whether he rendered any personal services. His disability did not grow out of his employment, and we can see no valid reason to characterize these credits to and disbursements for Gus Berman as pension payments.

We are persuaded by the facts of record that the father and other brothers of Gus Berman used the family corporation to satisfy an obligation that would otherwise have fallen upon them individually. By continuing Gus Berman on petitioner's payroll as an officer and employee the necessary funds were provided to meet Gus Berman's personal expenses and the expenses of his family. The evidence establishes that the funds thus provided were in fact used for this purpose by the petitioner. It is undisputed that Gus Berman rendered no personal services to the petitioner during any of the taxable years which would entitle him to these salary credits, and evidence is lacking to establish that his personal services from December 1929 to July 1934 were of sufficient value to the corporation to merit the additional compensation of $2,400 claimed for each of the taxable years.

In weighing the evidence adduced we have recognized that the acts of the directors and the entries on petitioner's books of account are consistent with the theory advanced. Nevertheless, it is our opinion that the disbursements here involved were neither ordinary nor necessary for the conduct of petitioner's business. The disbursements were extraordinary in character, and the corporate directors were influenced in authorizing them by family considerations and blood relationship. *L. Schepp Co.*, 25 B. T. A. 419, 429. In voting these disbursements to Gus Berman it was not the business interest of the petitioner which

primarily concerned its directors, but the welfare of a son and brother and those dependent upon him. The revenue acts specifically declare that personal and family expense items are not deductible, section 24, Revenue Acts of 1934 and 1936, and this petitioner can not be used as a means of deducting personal and family expense items of Gus Berman under the guise of a salary paid to him as an officer and employee.

The cases cited by petitioner have been considered, but are deemed distinguishable on their facts. Petitioner particularly relies upon our decision in *C. Wildermann Co.*, 8 B. T. A. 771, as being precisely in point. We think the decision demonstrates the fallacy of petitioner's position. One issue in that case involved an annuity to be paid to any member of the Wildermann family who had been continuously employed by the company for a term of 15 years. The provision for the annuity had been adopted in 1912 and pursuant thereto the company paid its retired president an annuity during the taxable years 1920 and 1921. We allowed the corporation to deduct the annuity payments as ordinary and necessary business expenses. The facts in that case further show, however, that additional sums were paid by the corporation for the benefit of its retired president which it attempted to deduct as ordinary and necessary expenses. We denied the deduction of these amounts because the retired president had "rendered no services to the corporation during the taxable year." Our holding in the instant case is, therefore, in accord with our holding in the *Wildermann* case, as no corporate policy has been adopted by the instant petitioner respecting retired, injured, or incapacitated employees. Similar distinctions exist as to the petitioner's other citations.

Reviewed by the Board.

*Decision will be entered for the respondent.*

---

Smith, dissenting: The Revenue Acts of 1934 and 1936 permit the deduction from gross income of "All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered."

Article 23 (a)–9 of Regulations 86 and 94 provides in part as follows:

Art. 23 (a)–9. *Pensions—Compensation for injuries.*—Amounts paid by a taxpayer for pensions to retired employees or to their families or others dependent upon them, or on account of injuries received by employees, and lump-sum amounts paid or accrued as compensation for injuries, are proper deductions as ordinary and necessary expenses. Such deductions are limited to the amount not compensated for by insurance or otherwise. * * *

One of the petitioner's officers became ill in 1934. The petitioner's officers, believing that his illness would be only temporary, continued to pay him a salary at a reduced rate ($2,400 per annum). The petitioner's president testified that during the taxable years the ill officer:

\* \* \* was a valuable employee, and he had been paid a small salary in the past years that he had been working, and didn't have any particular amount of money saved, or didn't accumulate anything, and we wanted his good will, and we wanted him to come back to work, when and if he did recover. We thought, in fairness to him and in the interest of the business, we should continue these payments of $2,400.

I think that these payments constituted ordinary and necessary expenses of carrying on a trade or business within the intendment of the statute and the Commissioner's regulations. I can not believe that the respondent would have disallowed the deduction of the salary paid if he had had before him the evidence before the Board in this record.

BLACK and LEECH agree with this dissent.