Dreikorn's Bakery, Inc. v. Commissioner.
Dreikorn's Bakery, Inc. v. Commissioner
Docket No. 14054.
United States Tax Court
1948 Tax Ct. Memo LEXIS 194; 7 T.C.M. (CCH) 276; T.C.M. (RIA) 48079; May 12, 1948
*194 Held, that certain payments by petitioner corporation to a former employee are not deductible as ordinary and necessary business expenses. Anthony Brayton, Esq., for the petitioner. Leo C. Duersten, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion The respondent determined a deficiency of $2,133.69 in the excess profits tax liability of petitioner for the year 1943. He also determined an overassessment of $443.67 in income tax liability for the same year. The sole question involved is whether petitioner is entitled to deduct as an ordinary and necessary business expense amounts paid to a former employee of the corporation. The parties entered into a stipulation, substantially as follows: Findings of Fact The petitioner is a corporation organized under the laws of Massachusetts, *195 which filed its corporation income and declared value excess profits tax return and its excess profits tax return for the year 1943 with the collector of internal revenue for the District of Massachusetts, such returns being prepared on an accrual basis. It is agreed that the Court may dismiss the proceeding so far as relates to income tax for the year 1943 for lack of jurisdiction. During the calendar year 1943, the officers and directors of the petitioner were as follows: Otto M. Dreikorn, President and Treasurer Otto E. Dreikorn, Vice President Abraham Greenspan, Clerk Otto M. Dreikorn, Director Otto E. Dreikorn, Director Sophia A. Dreikorn, Director Dorothy D. Hutchinson, Director Abraham Greenspan, Director During the calendar year 1943, petitioner's 1,000 shares of common stock, no par value, were held as follows: Otto M. Dreikorn
599 shares
Mrs. Otto M. Dreikorn (Sophia)
200 shares
Otto E. Dreikorn
100 shares
Mrs. D. D. Hutchinson
100 shares
Abraham Greenspan
1 share
The relationship of the parties owning the capital stock of the petitioner is as follows: Otto M. Dreikorn Mrs. Otto M. Dreikorn, wife of Otto M. Dreikorn Otto *196 E. Dreikorn, son of Otto M. Dreikorn Mrs. D. D. Hutchinson, daughter of Otto M. Dreikorn In computing its 1943 income and excess profits tax, petitioner claimed as a deduction for salaries and wages an amount of $1,040 paid to Emma Dreikorn, sister of Otto M. Dreikorn, principal stockholder of petitioner. On petitioner's books of account and records, the payments made to Emma Dreikorn during the calendar year 1943 were charged to the Store Salary Account. Emma Dreikorn left petitioner's employment on December 11, 1937; she rendered no service to petitioner from December 11, 1937, to and including December 31, 1943, and she was never an officer, a director, or a stockholder of petitioner. At no time did petitioner's board of directors adopt any formal resolution in respect to payments to be made to Emma Dreikorn. Neither during the year 1937 nor in any year subsequent thereto did the board of directors of the petitioner pass a formal vote or resolution providing for payments to Emma Dreikorn as additional compensation for personal services rendered in the past by Emma Dreikorn to petitioner. During the year 1937 or any year subsequent thereto the board of directors did not pass *197 a formal vote or resolution providing that the payments made to Emma Dreikorn were to be made in the nature of a pension or a retirement benefit. The payments made to Emma Dreikorn by petitioner were not made pursuant to any written agreement entered into between Emma Dreikorn and the board of directors of the petitioner. The following facts were developed by oral testimony. Dreikorn's Bakery was started by Otto Dreikorn, Sr., in 1880. Otto M. Dreikorn, principal stockholder of petitioner, purchased the business from the Estate of Otto M. Dreikorn, Sr., in 1909. From 1909 to 1928, the date of petitioner's incorporation, Dreikorn's Bakery was operated and run by Otto M. Dreikorn as a sole proprietorship. From 1928 to 1936 Otto M. Dreikorn was solely responsible for the management and operation of petitioner's business. Otto M. Dreikorn made final decisions on all business matters of petitioner. Commencing in 1936 Otto E. Dreikorn became active in the detailed management and operation of petitioner's business and became vice president and a director of petitioner in 1936. Emma Dreikorn worked in her father's bakery as early as 1903. She continued to be so employed until the *198 date of incorporation in 1928. She was never an officer, director or stockholder of the petitioner. Since 1928 when the business became a machine bakery with 90 per cent of the products distributed through the driver salesmen, Emma Dreikorn took care of the retail sales, the return of stale bread and the preparation of the schedule for the next day's production of bread. She checked and settled with each salesman the amount of stale bread returned. She would dispose of the stale bread to retail customers or to farmers. From talking with the salesmen she would estimate the amount of bread needed for the next day. In the year 1937, Emma Dreikorn was between 49 and 50 years of age, she was frequently absent from work due to ill health and nervousness. Her brother discussed the problem of her retirement from the business and decided that she should retire and that the corporation would pay her a salary of $20 per week thereafter. She retired on December 11, 1937. Previously thereto she had received a salary of $20 per week. Thereafter she performed no services for the petitioner. The work which Emma Dreikorn had carried on was, after her retirement, distributed between other employees. *199 At the time of her retirement, Emma Dreikorn had about $1,000 saved. She had no other means of support. In addition to the weekly payments, petitioner paid Emma Dreikorn in December of each year a bonus of $100. Otto M. Dreikorn, president of petitioner, discussed with his accountant the adoption by petitioner of some form of pension plan and decided they did not wish to be bound by a formal type of plan. Otto M. Dreikorn wished to retain sole discretion as to when and to whom and under what circumstances payments were to be made to retired employees. During 1937 to 1945 petitioner made no payment to any other employee under such circumstances as those made to Emma Dreikorn. Emma Dreikorn reported the amounts received from the petitioner as taxable income. Respondent disallowed as a deduction from petitioner's income payments made to Emma Dreikorn. The payments by petitioner to Emma Dreikorn were not in the nature of a pension and were not deductible as ordinary and necessary business expenses for the year 1943. Opinion VAN FOSSAN, Judge: The question is, did the payments made during 1943 by petitioner corporation to Emma Dreikorn constitute a pension deductible as *200 an ordinary and necessary business expense under section 23, I.R.C.? The situation in this case parallels closely that in Snyder & Berman, Inc., 41 B.T.A. 1180, affirmed (CCA-4) 116 Fed. (2d) 165, in which case the holding was adverse to the taxpayer corporation. We are convinced here, as we were in Snyder & Berman, Inc. that the real motive of petitioner's chief stockholder and president was to extend largesse to his sister, to provide for her old age and to assure her she would not "become a public charge." The payments sprang from a sense of personal obligation to the sister and not from business considerations or from the creation or adoption of a pension plan or system. No pension plan was adopted; there was no action authorizing the payments by the corporation as such, and the payments were recorded as salary on the books of the corporation. Although petitioner's sole witness characterized the salary of Emma Dreikorn as small, there is no supporting or amplifying proof to establish that such salary was inadequate in comparison to others. There is no proof that Emma Dreikorn's state of health was in any way attributable to her *201 employment by petitioner. Emma Dreikorn made no contribution of services to the corporation after 1937. In our judgment, the payments were not ordinary and necessary expenses of petitioner's business but, on the contrary, were primarily due to the close family and blood relationship of petitioner's chief stockholder and the recipient. As such, they were in the nature of personal expenses and not deductible from corporate income. Decision will be entered for the respondent.